|   |   |
|---|---|
| 1 | **UNITED STATES DISTRICT COURT** |
| 2 | **DISTRICT OF NEVADA** |

| | |
|---|---|
| EVAN RATCLIFF, | Case No.: 2:19-cv-00786-APG-CWH |
| Plaintiff, | **ORDER** |
| v. | |
| SCOTT MATTINSON, et al., | |
| Defendants. | |

On May 8, 2019, Evan Ratcliff filed a motion for a preliminary injunction and protective order. ECF No. 1-1. He did not include a complaint, pay the filing fee, or file an application to proceed *in forma pauperis*. ECF No. 1. On May 13, 2019, Magistrate Judge Hoffman ordered Ratcliff to file a complaint and to file a complete application to proceed *in forma pauperis* or pay the full filing fee of $400.00 within 30 days. ECF No. 3 at 2. The 30-day period has expired, and Ratcliff has not filed a complaint, filed an application to proceed *in forma pauperis*, paid the full filing fee, or otherwise responded to the order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address);

*Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to the defendants, also weighs in favor of dismissal, as a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Judge Hoffman's order requiring Ratcliff to file an application to proceed *in forma pauperis* or pay the full filing fee within 30 days expressly stated: "IT IS FURTHER ORDERED that failure to comply with this order will result in a recommendation that the case

be dismissed without prejudice." ECF No. 3 at 3.  Ratcliff had adequate warning that dismissal would result from his noncompliance with the order.

It is therefore ordered that this action is dismissed without prejudice based on Ratcliff's failure to file a complaint and his failure to file an application to proceed *in forma pauperis* or pay the full filing fee in compliance with the May 13, 2019, order.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

Dated:  June 20, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE